CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED
2012 JUN 11 PM 4:00
DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DARNELL IVEN ADAMS, TDCJ #593403, Petitioner, | ) ) ) ) |
| v. | ) Civil No. 7:12-CV-088-O-BL |
| | ) |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | ) ) ) ) ) |

## REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Adams challenges the validity of disciplinary action no. 20120096065 which was taken against him at the Allred Unit in Iowa Park, Texas. Petition ¶ 10.d.

In support of his petition, Adams presents the following grounds for relief:

1. he was denied the right to attend the disciplinary hearing;

2. documents were entered into the record which falsely state that he declined to attend the disciplinary hearing;

3. ineffective assistance of counsel substitute, and;

4. insufficient evidence to support a finding of guilt.

Petition ¶¶ 10.a-d. Petitioner asks the Court to overturn the finding of guilt or modify his punishment by restoring his good-time earning status. *Id.* ¶ 11.

It does not appear that Adams has identified all of the punishments imposed as a result of the disciplinary action. However, a constitutionally protected liberty interest can be implicated in a

prison disciplinary action only where the inmate is eligible for mandatory supervised release and he forfeits previously earned good-time credits which will ultimately delay his release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). An inmate has no constitutionally protected interest in his prison custodial classification or in his future good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

Under the circumstances of the instant case, no constitutionally protected liberty interest is implicated. Adams is serving two concurrent life sentences. Petition p. 3. Even if Adams were listed as an inmate eligible for mandatory supervision, his life sentences would render him ineligible for habeas relief because his good-time credits plus time served can never equal his life sentences such that he would be actually released on mandatory supervision prior to his death. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 11th day of June, 2012.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE